EXECUTORS AND ADMINISTRATORS—ACCOUNTING—"ACTUAL EXPENSES."

Code Civil Proc. § 2557, provides that the surrogate cannot allow costs, "other than actual expenses," out of an estate or fund of less than $1,000 in amount or value. Section 2562 authorizes the surrogate to allow an administrator, on a judicial settlement of his account, such a sum as the surrogate deems reasonable for his "counsel fees and other expenses, not exceeding $10 for each day occupied in the trial, and necessarily occupied in preparing his account for settlement and otherwise preparing for trial." *Held,* that an administrator was entitled to an allowance for the time occupied in the trial, etc., as for "actual expenses," within section 2557.

Proceeding for the judicial settlement of the accounts of Arthur T. Hilton as administrator of Thomas F. Van Kleeck, deceased.

*W. R. Spooner,* for administrator. *Kelly & McRae,* for Elizabeth McIntyre, a legatee. *Donald McLean,* special guardian of Lulu Van Kleeck.

RANSOM, S. The estate or fund for which the administrator is accounting is less than $1,000 in amount or value. Objections were interposed to his account, and the issues raised thereby have been disposed of by the referee to whom the same was referred, and a decree is about to be entered confirming his report and directing distribution of the estate. Application is made by the administrator for an allowance of such sum as may be awarded under section 2562 of the Code of Civil Procedure for the days occupied in the trial, in the preparation of the account, and in the preparation for trial. A question arises whether, in view of the limitation of power of the surrogate to award costs contained in section 2557, any allowance can be made for the services respecting which claim is made by the administrator. The precise question

seems never to have been decided.    So much of section 2557 as has any relevancy to the question declares: "Costs, other than actual expenses, cannot be paid out of an estate or fund which is less than one thousand dollars in amount or value." Sections 2560 and 2561 relate to awards made solely and strictly as costs. Section 2562 provides: "In addition to the sums specified in the last two sections, the surrogate may, in his discretion, allow an administrator, * * * upon a judicial settlement of his account, such a sum as the surrogate deems reasonable for his counsel fees and other expenses, not exceeding ten dollars for each day occupied in the trial, and necessarily occupied in preparing his account for settlement, and otherwise preparing for trial." Section 2557 plainly recognizes the authority of the surrogate to allow actual expenses, where the estate amounts to less than $1,000 in value. Section 2562 empowers the surrogate to make the allowances therein mentioned to a party "for his counsel fees and other expenses." Comparison of these two sections shows that such counsel fees, as well as such other expenses as may be properly incurred in the rendition of the services referred to in section 2562, are actual expenses, within the meaning of section 2557, which the surrogate can allow, although the estate out of which they are directed to be paid does not exceed in amount or value $1,000. I have indicated on the administrator's cost bill the amount which I have allowed the administrator.